541 S.E.2d 245

**In the Matter of L. Michael ALLSEP, Respondent.**

**No. 25235.**

Supreme Court of South Carolina.

Submitted Dec. 6, 2001.

Decided Jan. 16, 2001.

Henry B. Richardson, Jr., Assistant Attorney General Tracey C. Green, Columbia, for the Office of Disciplinary Counsel.

L. Michael Allsep, Jr., Clemson, respondent pro se.

## PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension from the practice of law for sixty (60) days. We accept the agreement. The facts as admitted in the agreement are as follows.

### *Facts*

Respondent represented a client who was involved in foreclosure proceedings against real estate owned by third parties. The third parties filed for bankruptcy.

Respondent made numerous misrepresentations to his client, and to his client's son and daughter, regarding the status of the bankruptcy proceeding, including misrepresentations related to the filing of the Proof of Claim, the filing of a motion to lift the automatic stay, the scheduling of hearings, the execution of a consent agreement, and the receipt of payment from the bankruptcy trustees. Respondent also failed to file an objection to the Bankruptcy Plan which led to the plan being approved and his client's foreclosure rights being materially impaired. After the client terminated respondent's representation, respondent continued in his representation of the client by delivering a copy of a consent agreement to the third parties' lawyer.

Respondent also failed to disclose to his client the fact that at the same time that he was representing his client, the third parties' lawyer was personally representing respondent in an ongoing legal matter. Finally, respondent failed to respond to inquiries and requests for information from the Office of Disciplinary Counsel.

 

## Law

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation, and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (a lawyer shall act with reasonable diligence in representing a client); Rule 1.4 (a lawyer shall keep clients reasonably informed about the status of their cases, promptly comply with clients' reasonable requests for information, and explain matters to clients to the extent reasonably necessary for them to make informed decisions regarding representation); Rule 1.7 (a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests); Rule 1.16 (a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the lawyer is discharged); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 4.1 (in the course of representing a client a lawyer shall not knowingly make a false statement of material fact to a third person); Rule 8.1(b) (a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (misconduct to engage in conduct involving misrepresentation); and Rule 8.4(e) (misconduct to engage in conduct that is prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(3) (knowingly failing to respond to a lawful demand from a disciplinary authority to include a request for a response); and Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

### *Conclusion*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for sixty (60) days. Respondent has also tendered his resignation to the South Carolina Bar. The resignation will be accepted at the conclusion of the sixty day suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.